UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN PAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02295-JPH-KMB |
| | ) |
| ERIC J. HOLCOMB, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE
MOTIONS FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Kevin Payton has filed two motions for assistance with recruiting counsel. *See* dkts. 3 and 10. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States Dist. Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v. Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

First, this action is in its earliest stages. The Court has not yet screened Mr. Payton's amended complaint pursuant to 28 U.S.C. § 1915A, and the defendants have not yet appeared or answered the complaint. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019) (acknowledging "the difficulty in accurately evaluating the need for counsel in the early stages of pro se litigation."). While that statement from *Kadamovas* is not a "bright-line rule [ ]," in this case Mr. Payton has not shown a need for counsel to assist him in amending the complaint or to "investigate and flesh out any claim that may exist." *Mapes*, 932 F.3d at 971-72.

Second, the first inquiry when confronted with a request for counsel, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v.*

*Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Payton states that he has not had access to the law library "due to COVID and shortage of staff in order to get necessary info. to contact a counselor to represent this matter which makes it difficult to contact attorneys." Dkt. 3 at 2. But, limited access to the law library is challenge that many inmates face. Mr. Payton has not shown that this limited access prohibited him from using other resources to get attorney contact information, or that it prevented him from writing letters to various attorneys about his case or claims. Accordingly, the Court finds that Mr. Payton has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. Therefore, Mr. Payton's motions, dkts. [3] and [10], must be **denied without prejudice** on this basis alone.

Though Mr. Payton's motions are denied without prejudice at this stage, he may renew his motion for the appointment of counsel after the Court has screened his amended complaint and after the defendants have answered. At this time, Mr. Payton should continue efforts to recruit counsel on his own.

**SO ORDERED.**

Date: 5/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN PAYTON
132744
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only